IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| GARY SELLERS, #1411372 | § | |
| VS. | § | CIVIL ACTION NO. 6:07cv477 |
| HENDERSON COUNTY JAIL, ET AL. | § | |

MEMORANDUM OPINION AND
ORDER OF DISMISSAL

Plaintiff Gary Sellers, a Texas prison inmate previously confined in the Henderson County Jail, proceeding *pro se* and *in forma pauperis*, filed the above-styled and numbered civil rights lawsuit pursuant to 42 U.S.C. § 1983. The complaint was referred to the undersigned by consent of the parties pursuant to 28 U.S.C. § 636(c).

Facts of the Case

The original complaint was filed on October 10, 2007. The Plaintiff complained about the medical care he received after a fall. On February 15, 2008, the Court conducted an evidentiary hearing, in accordance with *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), to consider the Plaintiff's claims. The hearing was conducted "to dig beneath the conclusional allegations; to reduce the level of abstraction upon which the claims rest; to ascertain exactly what scenario the prisoner claims occurred, as well as the legal basis for the claim." *Id.* at 180. The hearing is "in the nature of a motion for more definite statement." *Id.* at 180-181. The Plaintiff testified as to the factual basis of his claims. The Defendants also attended the hearing, but they did not call any witnesses to testify on their behalf. Documentary evidence, including the Plaintiff's jail and medical records, were admitted into evidence without objection.

1

The Plaintiff informed the Court at the beginning of the hearing that he wanted to dismiss his claims against Sgt. Hall and Officer Adam Parkins. He only wanted to proceed with his claims against Nurse Sandy Pryor. In the latter part of May, 2006, he passed out and struck his face on the ground. He was transported to the hospital for medical care. His injuries included broken teeth and a significant cut on his chin, which required sutures. He was prescribed medication, although the transporting jailer failed to pickup the medication at the nurses' station in the hospital. The medication included drugs for the Plaintiff's ears to keep them from becoming infected. After about three days without the medication, he started submitting medical requests regarding the medication. He testified that he did not actually see the nurse for about three and one-half weeks. By then his right ear was infected. His complaint is that the nurse failed to provide him the prescribed medication for three and one-half weeks, which caused his ear to become infected. When he finally saw the nurse, the Plaintiff was scheduled to see a doctor. The doctor sent for his medication. He used it for a few days, but the medication did not work because his ear was already infected. He saw the doctor again, who prescribed antibiotics for his ears. His ears finally cleared up after he received the antibiotics. His ears cleared up about five weeks after his fall. The Plaintiff testified that he does not have any more problems with his ears.

The Plaintiff also experienced problems with his teeth due to the fall. The problems with his teeth were brought up during the course of the Plaintiff's criminal proceedings. On November 20, 2006, the state district judge issued an order appointing Dr. Blake Vincent, a dentist, to perform dental repairs at the expense of Henderson County. The judge added that "[s]aid repairs to be limited to the Defendant's three upper teeth injured as a result of his fall in May, 2006." Dr. Vincent placed crowns on the three upper teeth. On January 29, 2007, he signed a document specifying that he

completed the court ordered treatment on January 16, 2007. The Plaintiff testified that Dr. Vincent also informed him that he needed fourteen root canals. The nerves to the teeth had been damaged in the fall and the teeth were essentially dead. Dr. Vincent said he would submit a request to jail officials to be paid for the root canals, and he would fix the teeth when the request was approved. The Plaintiff testified that he was transferred to the Texas prison system before the root canals were performed. Nurse Pryor signed off on the medical form that authorized his transfer to the Texas prison system. It is noted that there are no medical records indicating that Dr. Vincent submitted a request regarding the additional root canals. The Plaintiff testified that his gums still bleed, which he assumes is because he did not have the root canals. He can eat food, but his teeth are numb. He added that prison dentists do not perform root canals.

The Defendants reviewed the Plaintiff's medical records with him. An inmate treatment log (HC0063-65) shows that the Plaintiff was taken to the hospital on May 19, 2006, and that he was kept overnight. On May 24, 2006, the Plaintiff submitted a sick call request regarding the medication for his ears. On the same day, a nurse noted that his right ear was bleeding and that Dr. Lemon had ordered Cortane and Amoxicillin. On June 1, 2006, the Plaintiff's stitches in his chin were removed. It was noted that his ear was still infected. The prescription was noted and instructions were entered to place the Plaintiff's name back on the doctor's list if his ears did not improve. On June 8, 2006, the Plaintiff saw the doctor and Floxin Otic Drops was prescribed for the Plaintiff's ears. The entry was initialed by Sandy Pryor. On June 19, 2006, the Plaintiff submitted a sick call request about tooth pain, which was logged by Sandy Pryor. She specified that Tylenol or aspirin were available. On June 28, 2006, Sandy Pryor observed that the Plaintiff had broken teeth and that his ears were clear. The Plaintiff was placed on a list to see the dentist. On

July 14, 2006, an entry stated that the Plaintiff refused to see the dentist, although the Plaintiff testified that he never refused to see the dentist. The records also included a copy of an order by the state district judge, dated September 20, 2006, specifying that Dr. Vincent would perform the Plaintiff's dental repairs at the expense of Henderson County. On October 24, 2006, Nurse Pryor logged the court order to fix the Plaintiff's teeth. She also noted that the Plaintiff informed the dentist that "the County would fix all his teeth," however, the estimate to fix his teeth involved the front teeth only. The estimate was taken to the state district judge for approval. On November 20, 2006, the state district judge issued an order for Dr. Vincent to fix the Plaintiff's teeth, but it also specified that "[s]aid repairs to be limited to the Defendant's three upper teeth injured as a result of his fall in May 2006." The inmate treatment log does not mention the Plaintiff's teeth or ears after the entry on October 24, 2006.

## Discussion and Analysis

The first matter for the Court to take up concerns the Plaintiff's desire to dismiss his claims against Sgt. Hall and Officer Adam Parkins. He is entitled to have the claims dismissed pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure.

The next issue for consideration is the Plaintiff's medical claims against Nurse Pryor. Deliberate indifference to a prisoner's serious medical needs constitutes an Eighth Amendment violation and states a cause of action under 42 U.S.C. § 1983. *Estelle v. Gamble*, 429 U.S. 97, 105-07 (1976); *Jackson v. Cain*, 864 F.2d 1235, 1244 (5th Cir. 1989). In *Farmer v. Brennan*, 511 U.S. 825, 835 (1994), the Supreme Court noted that deliberate indifference involves more than just mere negligence. The Court concluded that "a prison official cannot be found liable under the Eighth Amendment . . . unless the official knows of and disregards an excessive risk to inmate health or

safety; . . . the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. *See also Reeves v. Collins*, 27 F.3d 174, 175 (5th Cir. 1994).

In *Domino v. Texas Department of Criminal Justice*, the Fifth Circuit discussed the high standard involved in showing deliberate indifference as follows:

> Deliberate indifference is an extremely high standard to meet. It is indisputable that an incorrect diagnosis by medical personnel does not suffice to state a claim for deliberate indifference. *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985). Rather, the plaintiff must show that the officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Id.* Furthermore the decision whether to provide additional treatment "is a classic example of a matter for medical judgment." *Estelle*, 429 U.S. at 107. And, the "failure to alleviate a significant risk that [the official] should have perceived, but did not" is insufficient to show deliberate indifference. *Farmer*, 511 U.S. at 838.

239 F.3d 752, 756 (5th Cir. 2001). Dissatisfaction with medical treatment or diagnosis does not constitute "deliberate indifference" to a serious medical need and does not rise to the level of the denial of a constitutional right. *Estelle v. Gamble*, 429 U.S. at 106; *Johnson v. Treen*, 759 F.2d at 1238. A delay in medical care violates the Eighth Amendment only if it is due to deliberate indifference and the delay results in substantial harm. *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).

The Fifth Circuit has not applied *Farmer v. Brennan* in any published cases involving dental care. On the other hand, the Fifth Circuit has issued several unpublished decisions. In *Smith v. Pinchback*, 242 Fed. Appx. 132 (5th Cir. 2007), a Texas prison inmate complained that he did not receive proper dental care and that the defendants did not promptly treat his serious dental problems. The Fifth Circuit found, however, that the record evidence revealed that he received extensive dental

5

care and that the defendants were not deliberately indifferent. In *McQueen v. Karr*, 54 Fed. Appx. 406 (5th Cir. 2002), the Fifth Circuit held that a Texas prison inmate did not have a basis for a civil rights lawsuit because he was dissatisfied with the treatment offered to him, extraction of his injured teeth versus more expensive restorative treatment. Moreover, with respect to delays, the Fifth Circuit cited *Mendoza* in noting that he was not entitled to relief based on delays where there was no harm due to the delays. In *Green v. Hendrick Medical Center*, No. 00-10553, 2001 WL 300844 (5th Cir. Mar. 7, 2001), the plaintiff complained that officers forced him to eat quickly despite his loose dentures, which caused painful lacerations, swelling and bleeding in his gums. The Fifth Circuit noted that prison officials had offered him blended food, which he refused, thus his disagreement with the medical treatment did not give rise to a constitutional claim. In *Sutherland v. Zeller*, No. 95-40314, 1995 WL 625462 (5th Cir. Oct. 11, 1995), a Texas prison inmate complained about delays in receiving dental care, but the Fifth Circuit found that much of his complaint was nothing more than a disagreement with the treatment he received and that the complaint was frivolous.

In the present case, it is clear that the Plaintiff received prompt medical care after the fall. He was transported to the hospital and was kept overnight. When he complained that he did not receive his medication, he was scheduled to see a doctor. The doctor provided him the prescribed medication. When the medication did not work, the doctor provided him additional medication, which cleared up his ears. When the Plaintiff complained about tooth pain, Nurse Pryor informed him that Tylenol or aspirin was available. When she observed his broken teeth, she scheduled him to see a dentist. The dentist performed the work that was authorized by the state district judge. It is clear that the Plaintiff received somewhat extensive medical care. It is also clear that Nurse Pryor

6

was responsive to the Plaintiff's serious medical needs. She did not ignore his medical needs. She logged the doctor's instructions to give the Plaintiff's additional medication for his ears. She told him about medication for tooth pain and scheduled him to see the dentist. She logged the state district judge's order regarding the dental care that had been approved. After Nurse Pryor logged the entries from her superiors, the Plaintiff was provided the ear medication and dental care that had been ordered. She did not disregard the orders by her superiors. There is no indication that she was deliberately indifferent to his serious medical needs. The Plaintiff complained about delays, but there is no indication that Nurse Pryor was responsible for any delays or that he experienced substantial harm due to the delays. He also complained that the root canals were not performed, but the state district judge did not order the root canals to be performed. All the medical care that was ordered and logged had been performed by the time the Plaintiff was transferred to the Texas prison system. There is no indication that Nurse Pryor approved the transfer to the Texas prison system despite a knowledge on her part that additional medical care had been ordered. Dr. Vincent may have told the Plaintiff that he would perform additional dental care, but there is nothing in the record that shows he relayed such information to jail personnel. The facts as alleged and developed by the record do not support an inference that Nurse Sandy Pryor was deliberately indifferent to the Plaintiff's serious medical needs. The claims against her fail to state a claim upon which relief may be granted and are frivolous in that they lack any basis in law and fact. The claims against Nurse Sandy Pryor should be dismissed pursuant to 28 U.S.C. § 1915A(b)(1). It is accordingly

**ORDERED** that the claims against Sgt. Hall and Officer Adam Parkins are **DISMISSED** without prejudice pursuant to Fed. R. Civ. P. 41(a)(1). It is further

      **ORDERED** that the claims against Nurse Sandy Pryor are **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915A(b)(1).  It is finally

      **ORDERED** that all motions not previously ruled on are **DENIED**.

      **So ORDERED and SIGNED this 21st day of February, 2008.**

      *[signature: John D. Love]*
      JOHN D. LOVE
      UNITED STATES MAGISTRATE JUDGE